**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CASE NO. 1:11-CV-111**

ANTHONY SIEBER, et al.                                                                                     PLAINTIFFS

V.

ESTATE OF LaSHAWN A. McRAE, et al.                                                        DEFENDANTS

**OPINION & ORDER**

This matter is before the Court upon Plaintiffs' motion for default judgment as to all Defendants (DN 12). Defendants Larry Allen and Werner Enterprises, Inc. have responded (DN 17). For the reasons that follow, Plaintiffs' motion is DENIED.

**PROCEDURAL BACKGROUND**

This action arises out of a series of automobile collisions involving a vehicle driven by Anthony Sieber, a vehicle driven by LaShawn McCrae (now deceased), and a tractor-trailer driven by Larry Allen and owned by Werner Enterprises, the owner of the tractor-trailer. On July 12, 2011 Plaintiffs filed their complaint against the Estate of LaShawn McRae ("Estate of McRae"), Larry Allen, and Warner Enterprises (DN 1). Estate of McRae was served on August 1, 2011 (DN 6 at p. 3). Allen was served on July 30, 2011 (DN 7 at p. 3). Werner Enterprises was served on August 2, 2011 (DN 8 at p. 3). After Plaintiffs moved for default judgment as to all Defendants on December 16, 2011, Allen and Werner filed an Answer to Plaintiffs' complaint on December 20, 2011 (DN 15).

In their response to Plaintiffs' motion for default judgment, Allen and Werner Enterprises explained that their counsel drafted an answer to Plaintiffs' complaint on August 9, 2011 and entered it into a paperless document management system which would electronically file the answer. On December 15, 2011, this file came up for review by counsel, and counsel checked

the file for any scheduling conference that may have been docketed by this Court. At that time, counsel for Allen and Werner Enterprises discovered that the Answer had not been electronically filed. Defense Counsel then contacted Plaintiffs' counsel, Julian Bolton, and spoke to Chris Boyd regarding an extension of time in which to file an Answer. According to Defense Counsel, Boyd agreed to an extension at that time. Defense Counsel then sent a confirmatory email to Mr. Bolton and Mr. Boyd, drafted an Agreed Order allowing Defendants to file their answer by December 23, 2011, and filed their answer on the same day. However, Defense Counsel received an email from Mr. Boyd which stated that Mr. Bolton was not going to agree to allow Defendants to file an Answer out-of-time.

## DISCUSSION

Plaintiffs now move this Court to enter default judgment against the McCrae Estate, Allen, and Werner Enterprises.

**1. Allen and Werner Enterprises**

The Court entered an Agreed Order on January 3, 2012 whereby the parties agreed that the time for Defendants Allen and Werner Enterprises to filed an Answer was extended to December 23, 2011 (DN 18). These Defendants' Answer was filed on December 20, 2011 (DN 15). Accordingly, Plaintiffs' motion for default judgment as to Defendants Allen and Werner Enterprises is MOOT.

**2. McCrae Estate**

Plaintiffs have also moved for an entry of default judgment against Defendant Estate of McRae. Unlike Defendants Allen and Werner Enterprises, Defendant Estate of McRae has not filed an answer in this action. However, Plaintiff must first move for entry of default against Defendant Estate of McRae before this Court may enter default judgment. Federal Rule of Civil

Procedure 55(a) provides, "When a party against who a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  After the clerk enters default, the plaintiff may request an entry of default judgment under Rule 55(b).  Thus, the rule requires a two-step process for entry of default judgment.  Because Plaintiffs have not moved for an entry of default, and the clerk has not entered default against Defendant Estate of McRae, Plaintiffs' motion for default judgment is not procedurally proper and is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion (DN 12) is DENIED.