UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:11-CV-00111-TBR

ATHONY SEIBER, ET AL.,                                                Plaintiffs

v.

ESTATE OF LASHAWN MCRAE, ET AL.                          Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the motion of Defendants Werner Enterprises, Inc. ("Werner") and Larry Allen (Allen) to exclude the testimony and opinions of Plaintiffs'' expert, Larry Cole. (Docket No. 60). Plaintiff has responded. (Docket No.) Defendant has replied. (Docket No.) Fully briefed, this matter is now ripe for adjudication. For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

This action arises from a series of automobile collisions involving a vehicle driven by Anthony Seiber, a vehicle driven by LaShawn McCrae (now deceased), and a tractor-trailer driven by Larry Allen and owned by his employer, Werner Enterprises. Plaintiffs Anthony Seiber, Angela Seiber, Remell Watson, Opal Williams, and Amber Spencer have sued Larry Allen, Werner Enterprises, Inc., and the estate of LaShawn McRae.

According to Plaintiffs, a collision blocked the left lane entirelty and part of the right. Anthony Seiber, the car's driver, avoided colliding with vehicles ahead of him that suddenly reacted to this collision. However, Allen struck Seiber's vehicle from behind,

1

injuring its passengers.  (Docket No. 1.)  Allen disputes Plaintiffs' portrayal of the accident, maintaining that he was approaching the emergency lane when Seiber's vehicle crossed diagonally in front of him, then braked suddenly, leaving him unable to avoid a collision.

Plaintiffs allege that Allen's failure to prudently operate his tractor-trailer caused the collision that injured them.  (Id. at 6-8.)  Specifically, Plaintiffs allege that Allen should have seen Seiber's vehicle ahead of him; that Allen failed to exercise reasonable care in operating his tractor-trailer; that Allen filed to maintain a safe braking distance behind Seiber; that Allen failed to use reasonable care so as to avoid injuring others on the roadway; and that Allen failed to maintain a reasonable speed.  (Id.)  Plaintiffs further argue that Allen committed negligence per se, having violated Ky. Rev. Stat. § 189.290, which requires obedience of traffic control laws, and § 189.340, which prohibits recklessly driving a tractor-trailer (Id.).  Additionally, Plaintiffs argue that Allen negligently failed to turn so as to avoid the collision.  (Id. at 8.)  Finally, Plaintiffs argue that Allen breached his duty to cease driving when he became fatigued.  (Id.)

Plaintiffs further allege that Defendant Werner is responsible for Allen's negligence and negligence per se under the doctrine of respondeat superior.  (Id. at 8-10.)  Werner admits both that it employed Allen, who drove the truck in the course of his employment, and that it owned the tractor-trailer at issue.  (Docket No. 15 at 6.)

Plaintiff wishes to offer the testimony of would-be trucking expert Larry Cole, who reviewed the Kentucky State Police accident report and witnesses' reports and determined that Allen failed to maintain proper distance and sight of the roadway.  Cole's report concludes (1) that Allen was driving too fast given the weather conditions; (2) that

Allen failed to keep a proper space cushion in front of his vehicle; (3) that Allen failed to keep the tractor-trailer under control; and (4) that Allen failed to stop or maneuver safely to avoid the collision. (Docket No. 60-1 at 6.)

**STANDARD**

Rule 702 of the Federal Rules of Evidence governs admissibility of expert testimony. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fat in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert v. Merrell Dow Pharm., Inc.*, "the Supreme Court established a general gatekeeping obligation for trial courts to exclude from trial expert testimony that is unreliable and irrelevant." *Conwood Co. v. U.S. Tobacco Co.*, 290 F.3d 768, 792 (6th Cir. 2002) (alteration and internal quotation marks omitted) (quoting *Hardyman v. Norfolk & W. Ry. Co.*, 243 F.3d 255, 260 (6th Cir. 2001) (applying *Daubert*, 509 U.S. 579, 597 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999)). The Court must determine whether evidence proffered under Rule 702 "both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. A key consideration is "whether the reasoning or methodology underlying the testimony is sufficiently valid." *Id.* at 592-93. The Supreme Court advises that the inquiry is "a

flexible one," and that "[t]he focus . . . must be solely on principles and methodology, not on the conclusions they generate." *Id.* at 594-95. A testifying expert must "employ[] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. But *Daubert* imposed no standard other than that already found in the Federal Rules of Evidence for the admissibility of the testimony of nonscientific expert witnesses. *See id.*

Despite that there is no "definitive checklist or test" for meeting the standard of Rule 702, *Daubert* established a number of factors that typically "bear on the inquiry," including whether the theory or method in question "can be (and has been) tested"; whether it "has been subjected to peer review and publication"; whether it has a "known or potential rate of error"; and whether the theory or technique enjoys "general acceptance" in the "relevant scientific community." *Daubert*, 509 U.S. at 593-94. Although *Daubert* addressed scientific evidence, *Kumho Tire Co. v. Carmichael* held that a trial court may consider the *Daubert* factors for all types of expert evidence. *Kumho Tire*, 526 U.S. at 150. Thus, the *Daubert* factors are not exhaustive and may not be pertinent in cases where "the relevant reliability concerns . . . focus upon personal knowledge or experience."[1] *Id.*; *see also First Tenn. Bank Nat'l Ass'n v. Barreto*, 268 F.3d 319, 335 (6th Cir. 2001).

---

[1] The Advisory Committee Notes to Rule 702 reinforce this position:

> Some types of expert testimony will be more objectively verifiable, and subject to he expectations of falsifiability, peer review, and publication, than others. Some types of expert testimony will not rely on anything like a scientific method, and so will have to be evaluated by reference to other standard principles attendant to the particular area of expertise. The trial judge in all case of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must

4

The Sixth Circuit has developed further guidance on Rule 702 by recently outlining a number of "[r]ed flags that caution against certifying an expert." *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012) (citing *Best v. Lowe's Home Ctrs., Inc.*, 563 F.3d 171, 177 (6th Cir. 2009)). These include "reliance on anecdotal evidence, improper extrapolation, failure to consider other possible causes, lack of testing, and subjectivity." *Id.* (citing *Best*, 563 F.3d at 177). Additionally, that a purported expert's testimony was prepared solely for litigation may also be grounds for exclusion. *Id.* (citing *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 434 (6th Cir. 2007)).

Where the testimony of a proffered expert is challenged for insufficient "factual basis, data, principles, methods, or their application . . . the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of [his or her] discipline." *Kumho Tire*, 526 U.S. at 149 (quoting *Daubert*, 509 U.S. at 592). The Court need not necessarily hold a *Daubert* hearing to determine the admissibility of expert testimony but must nonetheless ensure that the disputed testimony is both relevant and reliable. *See Clay v. Ford Motor Co.*, 215 F.3d 663, 667 (6th Cir. 2000). Generally, "a trial judge . . . ha[s] considerable leeway in deciding whether particular expert testimony is reliable," *Kumho Tire*, 526 U.S. at 162; *accord Conwood*, 290 F.3d at 792; *Jahn v. Equine Servs., PSC*, 233 F.3d 382, 388 (6th Cir. 2000), and his decision whether to admit

---

explain how the conclusion is so grounded. *See, e.g.*, American College of Trial Lawyers, Standards and Procedures for Determining the Admissibility of Expert Testimony After *Daubert*, 157 F.R.D. 571, 579) (1994) ("[W]hether the testimony concerns economic principles, accounting standards, property valuation, or other non-scientific subjects, it should be evaluated by reference to the 'knowledge and expertise' of that particular field.").

Fed. R. Evid. 702 advisory committee's note (2000 amend.).

expert testimony is reviewed for abuse of discretion. *See Kumho Tire*, 526 U.S. at 142; *Newell Rubbermaid*, 676 F.3d at 527; *Hardyman*, 243 F.3d at 258; *see also Tamraz v. Lincoln Electric Co.*, 620 F.3d 665, 672 (6th Cir. 2010) ("Rule 702, we recognize, does not require anything approaching absolute certainty. And where one person sees speculation, we acknowledge, another may see knowledge, which is why the district court enjoys broad discretion over where to draw the line." (internal citations omitted)).

## DISCUSSION

Defendants move to exclude Cole's opinions and preclude him from testifying at trial. (Docket No. 60.) They challenge both Cole's qualifications and conclusions, contending that Cole's opinion cannot overcome the evidentiary hurdles presented by Federal Rule of Evidence 702 and the *Daubert* standards. Defendants urge the Court to take up its role as "gatekeeper" and exclude Cole's opinion because it is neither relevant nor reliable. In reviewing Defendant's argument, the Court is cognizant that "the rejection of expert testimony [under *Daubert*] is the exception rather than the rule." Fed. R. Evid. 702 (advisory committee notes).

### I. Cole may testify as to the trucking industry's existing safety standards.

A trial judge considering a *Daubert* motion to exclude expert testimony must conduct a two-step analysis. The judge must "assess the relevance and the reliability of the expert's testimony. The relevance requirement ensures that there is a 'fit' between the testimony and the issue to be resolved by the trial. The reliability requirement is designed to focus on the methodology and principles underlying the testimony." *Greenwell v. Boatwright*, 184 F.3d 492, 496-97 (6th Cir. 1999) (citations omitted).

Cole satisfies each prong as to existing safety standards within the trucking industry. He has developed "special knowledge" of the industry over the course of his long career, and his opinions regarding accepted industry standards will be admitted.

Defendants urge the Court to find that Cole is not qualified to offer expert testimony based largely on the fact that he has never held a commercial driver's license and focuses his professional efforts on serving as a hired expert for litigation. (Docket No. 60 at 2.) Defendants claim that Cole's lack of experience as a commercial driver renders him unqualified, arguing that one who has never held a commercial driver's license should not be permitted to offer such expert testimony. (Docket No. 60 at 10.) However, the Court determines that Cole's testimony as to accepted industry standards is based upon a reliable foundation and will permit such testimony.

## II. Cole may not opine that Defendants acted negligently or violated the industry standards or relevant regulations.

Defendants argue that Cole's opinion as to the accident's cause is not reliable, as it is based entirely on "subjective belief or unsupported speculation." They attack the reliability of Cole's opinion based on his methodology, claiming that he failed to reference and apply the facts of this case when forming his opinions. Cole is not an accident reconstructionist and made no attempt to reconstruct the collision suffered by Plaintiffs. Defendants argue that Cole consequently can have no opinion as to what caused the accident. (Docket No. 60 at 9.) They would exclude Cole's testimony that Allen's speed, following distance, and alleged lack of control either caused or could have prevented the accident. (Id.) Defendants point to Cole's deposition, in which he admits that his opinions were based on the Kentucky State Police's accident report and not inspection of the scene itself or photographs thereof. (Docket No. 60-2 at 116.) Cole

7

claims to have subsequently interviewed Plaintiff Anthony Seiber, reviewed his contemporaneous account of the scene, and considered the depositions of Seiber and Allen and concluded that the additional information verified his initial opinion. (See Docket No. 62-3.) At his deposition, Cole admitted that the basis for his opinions was that Allen struck Seiber's vehicle and admitted that no physical evidence allowed him to determine which driver's recounting of the incident was accurate. (Docket No. 60-2 at 140-41; 129.)

Not all types of expert testimony may be evaluated on the *Daubert* factors of testing, peer review and publication, potential rate of error, and general acceptance in the relevant community, because certain types of expert testimony do not rely on any scientific method. Cole's proposed testimony is of that variety. His testimony contains no conclusions drawn from verifiable scientific testing. When expert testimony is non-scientific, "experience alone – or experience in conjunction with other knowledge, skill, training, or education" may be sufficient to qualify an expert. Fed. R. Evid. 702 (advisory committee notes). When a witness relies primarily on his or her experience, the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Id.*

Defendants allege that Cole's testimony is unreliable because the methodology he has employed is untrustworthy. Cole must offer a basis, other than experience, for his opinions. In a case such as this one, where there is no need for rigorous testing of methodology or peer review, "[t]he expert must still provide a methodology that can be proven to be reliable." *Childress v. Ky. Oaks Mall Co.*, 2007 WL 2772299 (W.D. Ky.

Sept. 20, 2007) (quoting *Starnes v. Sears Roebuck & Co.*, 2005 WL 3434637 (W.D. Tenn. Dec. 14, 2005) at *4). In addition to a reliable methodology, the expert must provide support for his opinions. "*Id.* "The Court's gatekeeping function under *Daubert* requires more than simply taking the expert's word for it." Fed. R. Evid. 702 Advisory Committee Notes.

Although Cole states that his opinions are based on both his experience in the industry and the applicable regulations, he appears to utilize neither in reaching his conclusion. According to his deposition testimony, Cole formed his opinions as to Allen's failure to keep his tractor-trailer under control based entirely on the fact that the accident occurred.[2] Cole's logic appears to be that because Allen collided with Plaintiffs,

---

[2] The relevant deposition testimony is as follows:

> Q. Now, you also say that he [Allen] failed to keep his tractor-trailer under control. Is the basis for your opinion that he failed to keep his tractor-trailer under control is [sic] that he struck Mr. Seiber?
>
> A. Correct.
>
> Q. You mean there's no evidence he [Allen] was hydroplaning, there's no evidence he was jack-knifing, there was no evidence that he threw his hands up and covered his eyes, anything like that, correct?
> . . .
>
> A. Correct.
>
> …
>
> Q. How is the failing the maneuver safely to avoid a collision different than from failing to keep your semi tractor-trailer under control?
>
> A: The same, the same.
>
> Q: …[W]e have got driving too fast for conditions, and your basis for that is that he struck Mr. Seiber, correct?
>
> A: Correct.
> . . .
>
> Q: Then the second bullet point, failing to keep a proper distance cushion in front of the vehicle is based on the fact that he [Allen] struck Mr. Seiber?

he did not behave prudently. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner*, 522 U.S. 136, 137 (1997). The Court finds that such a gap exists here and that the information upon which Cole relied was not sufficient to support his conclusion. Therefore, Cole's testimony as the accident's cause will be excluded.

Cole's methodology fails the *Daubert* requirements of scientific validity and application to the facts at issue. The report's deficits render it based more on speculation than fact. Plaintiffs argue that Cole's opinions are grounded in industry standards established in the Commercial Drivers License Manual, the Federal Motor Carrier Safety Administration and Regulations, and 49 C.F.R. 383, which establishes the CDL system. (See Docket No. 60-1 at 2-5.) However, Cole provides no analysis of the standards. Rather, he admits that the primary basis for his opinion was the Kentucky State Police accident report. (Docket No. 60-2 at 76-77.) Cole performed no calculations and did not estimate the speed, breaking distance, or point of impact; he performed no independent analysis of the vehicles involved, the weather conditions, the witnesses or responding officer, or the photographs taken. Although Cole later reviewed other factual material, including the depositions of Larry Allen and Anthony Seiber, he did not alter his opinions. Therefore, his report is based on his review of the accident report—primarily the fact of the accident's occurrence itself—and his recitation of portions of relevant

---

        A: Right.

Docket No. 63 at 5-6.

statutes. Cole's reiteration of the accident report and of relevant standards does not provide sufficient support for Cole's opinions as to how Defendants' actions allegedly caused the accident.

In addition, Plaintiffs' assertion that Cole will assist the trier of fact in determining "what Mr. Allen was trained to do under certain circumstances" (Docket No. 62 at 11) cannot stand. Cole's report does not discuss Allen's training. Furthermore, Plaintiffs do not allege that Allen's training constitutes the standard of care or that he failed to satisfy his obligations. Assuming arguendo that Allen did not act according to his training, Defendants argue that Cole should not be permitted to testify as to the application of Werner's internal policies laid out in its drivers' manual. At deposition, Cole testified that the manual's requirements on following distance were based on the Federal Highway Administration curriculum and required a driver to slow down in deteriorating conditions or diminished visibility. (Docket No. 60-2 at 94-95.) Defendants urge the Court to prohibit Cole from testifying that Allen violated Werner's guidelines. Defendants point to *Morgan v. Scott*, 291 S.W.3d 622 (Ky. 2009), which discussed the effect of a defendant's failure to abide by its own internal policy. *Morgan* reasoned that the "existence and subsequent non-observance of the in-house rule did nothing" to increase the risk of harm to an injured plaintiff. Similar reasoning applies here: neither the existence of the policy nor the allegation that Allen violated it creates an independent duty that Defendants did not otherwise have.

Finally, Defendants argue that the case at bar does not require Cole's expert testimony. They argue that expert testimony must assist the trier of fact and is admissible "if it concerns matters that are beyond the understanding of the average lay person. . . .

11

Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *U.S. v. Frazier*, 387 F.3d 1244, 1263 (citations omitted).  Defendants argue that the facts are accessible to laypersons and do not require an expert's explanation.  The report describing Cole's testimony, although it recites relevant facts and formulates legal conclusions, fails to provide expertise.  The question of liability arises from the inconsistency between Seiber's contention that he was stopped in the emergency lane for several seconds when Allen's vehicle struck him and Allen's testimony that he was bringing his vehicle to a controlled stop in the emergency lane and Seiber's vehicle suddenly pulled in front of him, leaving him unable to avoid a collision.  The jury does not require specialized knowledge to determine the more reliable account.  Defendant argues that Cole's testimony is superfluous, as a juror can apply his own common knowledge to determine if Defendants were negligent.

Plaintiffs argue that Cole can explain "how the physics of a truck in motion operate" and "in quantitative terms why Mr. Allen's truck could not [stop]." (Docket No. 62 at 10, 11).  Plaintiffs note that laypeople are generally unfamiliar with the physics of a truck in motion and the requisite techniques and skills a driver must employ. However, Cole's report offers no such basis, as Cole did not base his opinions on the application of physics or quantitative measurements.  Accordingly, his testimony does not speak to matters outside the purview of laypersons.

## CONCLUSION

Defendants have moved to strike the expert opinion of Larry Cole offered by Plaintiffs. For the foregoing reasons, consistent with the foregoing discussion, Defendants' motion is GRANTED in part and DENIED in part. Expert Larry Cole may testify as to trucking industry standards and customs. Cole may not speculate as to the cause of the collision at issue or opine that Defendants acted negligently or violated relevant standards.

IT IS SO ORDERED.